```
                                                          ┌─────────────────────────────────┐
                                                          │ USDC SDNY                       │
                                                          │ DOCUMENT                        │
                                                          │ ELECTRONICALLY FILED            │
UNITED STATES DISTRICT COURT                              │ DOC #: _____        │
SOUTHERN DISTRICT OF NEW YORK                             │ DATE FILED: 8/29/14             │
                                                          └─────────────────────────────────┘
```

------------------------------------------------------------X
                                                            :
ROYCE CORLEY,                                               :
                                                            :
                                Plaintiff(s),     :        1:14-cv-3202-GHW
                                                            :
        -against-                                         :        MEMORANDUM OPINION
                                                            :              AND ORDER
CITY OF NEW YORK and                                        :
WARDEN EDMOND DUFFY,                                        :
                                                            :
                               Defendant(s).     :
                                                            :
------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

      Plaintiff Royce Corley, proceeding *pro se* and *in forma pauperis*, filed a complaint in this action on April 28, 2014 alleging that defendants the City of New York, the Department of Correction, the George Vierno Center, and Warden Edmond Duffy violated his rights under 42 U.S.C. § 1983 ("Section 1983" or "§ 1983"), the Religious Land Use and Institutionalized Person's Act ("RLUIPA"), and New York state law while he was detained at the George R. Vierno Center ("GRVC"), a Rikers Island facility of the New York Department of Corrections ("DOC"). Complaint ("Compl."), Dkt. 10. By order dated June 3, 2014, the Court dismissed Corley's claims against defendants the DOC and the GRVC. Dkt. 9. On June 12, 2014, Corley filed an amended complaint in which he requested the same relief against the original defendants. Dkt. 10. On July 18, 2014, Corley wrote a letter to the Court objecting to the Court's dismissal of defendants the DOC and the GRVC, and requesting that the Court "correct any defects that may impair the Plaintiff's cause for relief, as a result of said dismissed Defendants." Dkt. 15.

      Given the nature of the relief requested in Corley's July 18, 2014 letter objecting to the Court's dismissal of defendants the DOC and the GRVC, the Court construes his request as a

motion for reconsideration. The standard governing motions for reconsideration under S.D.N.Y. Local Rule 6.3 "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1994). On a Local Rule 6.3 motion, "a party may not advance new facts, issues, or arguments, not previously presented to the Court." *Polsby v. St. Martin's Press*, No. 97 Civ. 690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (citation omitted). District courts will only alter or amend a judgment "to correct a clear error of law or prevent manifest injustice." *In re Assicurazioni Generali, S.P.A.*, 592 F.3d 113, 120 (2d Cir. 2010).

On May 29, 2014, the Court issued an Order of Service in which it dismissed all of Corley's claims against defendants the DOC and GRVC. Dkt. 9. The Court explained that with few exceptions, agencies of the City of New York, including the DOC, cannot be sued in their own names, citing N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.") and *Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010). In addition, the Court stated that as a facility operated by the DOC, GRVC cannot be sued. *See David v. G.M.D.C.*, No. 01 Civ. 6931, 2002 WL 31748592, *3 (S.D.N.Y. Dec. 6, 2002) (dismissing claims against the George Motchan Detention Center, a Rikers Island facility). *Id.*

Corley contends in his motion for reconsideration that he seeks not only monetary relief against the DOC and GRVC, but also declaratory and injunctive relief against them. Plaintiff's July 18, 2014 Letter, Dkt. 15. However, the fact that a plaintiff seeks declaratory and injunctive relief from the does not change the fact that the DOC and GRVC are not suable entities. *See, e.g., Rentas v. Jonson*, No. 10 Civ. 4244, 2011 WL 2652473, at *5 n. 4 (S.D.N.Y. June 22, 2011) (holding in a case

2

seeking monetary and injunctive relief that the DOC was not a suable entity, pursuant to N.Y. City Charter ch. 17 § 396, and that the City of New York is ultimately responsible for the operation of the GRVC); *Allen v. Mattingly*, No. 10 Civ. 0667, 2011 WL 1261103 (E.D.N.Y. Mar. 29, 2011) *aff'd*, 478 F. Appx. 712 (2d Cir. 2012) (same, in a case seeking declaratory relief in addition to injunctive and monetary relief). Accordingly, Corley's motion for reconsideration is denied. Defendants DOC and GRVC remain dismissed from this case.

    SO ORDERED.

Dated: August 29, 2014  
New York, New York

                                                      GREGORY H. WOODS  
                                                      United States District Judge